22-3095 I will say CZ versus Vista Outdoors and counsel for appellant if my name is T.K. Smith from Kansas City and I represent the interests of CZ, SESKA Zbrojovka Defense, which we commonly call CZ. This action comes to you as a result of a breach of contract action. Could you put the mic up a little closer? Yes, sir. Thank you. This action comes to you as a result of a breach of contract action in which the original complaint was based out of Kansas City, Kansas. The style of the case on that complaint as well as the civil cover sheet had both CZ and CZ USA listed as the party. Defending this matter was Vista Outdoors, which is based out of Minnesota. This case was dismissed by the district court and CZ's motion to transfer venue to Minnesota was rendered moot after the district court mistakenly believed that it did not have jurisdiction to make any rulings in this matter. On that point, there didn't seem to be a lot of authority out there that could guide us on this matter, at least I didn't find any, but I want to know what authority you hang your hat on in salient form anyway and specifically I'm talking about on the question of in a situation where CZ USA did not have jurisdiction or standing to file the amendment that in fact that amendment could be effective under Rule 15. What's the best case you have that would support that proposition? The best case we have is Precision 2, which this court addressed. That court addressed this spot on. In that matter, the defendant, such as here, made the same argument that there was no standing, therefore there could be no amendment to the complaint. This court specifically said in that matter that that argument is subject to the equally technical response that at the time the amended complaint was filed, no determination of standing had been made. That is our point that we will put forward today is that standing was made when the first amended complaint was filed. Who filed the amended complaint? That was CZ USA. And how do we know that? Because they were the party that was there and they amended it to add or substitute in CZ, which is the party of interest in this matter. You look at the caption and it doesn't say CZ USA plus CZ check. It says CZ check, I'm going to call it. And so it looks like the amendment was not made by CZ USA, but by a different entity and that was not a party. So isn't that a problem under Rule 15? And just to expand my question, shouldn't this matter have been handled under Rule 17 as a substitution of a real party in interest? Why wasn't Rule 17 used to facilitate this? It was, Your Honor. Rule 17 was triggered. Rule 15A allowed for the addition or substitution as a matter of... What do you mean it was used? I didn't see that that argument was made below. Because in this matter it was the addition or substitution by CZ USA was done as a matter of course. There was no motion to the court to consider. They did not have to have leave of the court. Therefore, when they filed as a matter of course under Rule 15, that in essence triggered both Rule 15, which allowed them to amend as a matter of course, as well as Rule 17, which allowed the substitution. This is not a matter of an intervention. That is not what we're dealing with. We're dealing with a party that was substituting another party. This is not a situation where an unknown party was trying to come in or there was some type of change in citizenship of an existing party. Maybe we're talking past each other, but CZ USA disappeared from the lawsuit, right? Correct. With the amended complaint? By the original filing of the complaint by CZ USA, they were the party to then amend their complaint. But they didn't. They filed an amended complaint substituting in... They were subsidiaries, so they substituted in CZ, which was their parent company. What indication in the record is there to be clear that it would have been CZ USA that filed the amended complaint? I mean, were they represented by the same council? How would we know that? Because they were the only party that was in the case. Therefore, they filed. There was not an intervention. There was not CZ coming in saying, we want to intervene in this matter. The only party that was there was CZ USA, and they amended the complaint to add in their parent company. Well, was CZ... Well, were they represented by the same lawyers? Yes, Your Honor. Okay. Well, on this question of Rule 17, I think part of, at least what I play off of Judge Temprovich's statement is that you needed to argue Rule 17 in defense of the motion to dismiss. At least as far as I could tell from the record, you didn't do that. I mean, is there anything in there in your response to the motion to dismiss where you invoked Rule 17 as a basis for the court to find that, in fact, the amended complaint is operative? Yes. If we look at a case that we referenced, Rockwell International, page 62 of our appellate brief. In there, the Supreme Court said that Rule 17 is triggered when a plaintiff files a complaint in federal court and then voluntarily amends the complaint. Courts look to the amended complaint to determine jurisdiction. Now, I will give you that the term Rule 17 was not printed out, but that does not mean that it was... Well, thank you for giving me that. But the point is, district courts, I think you're asking quite a bit, that they're supposed to glean what you're... That by citing Rockwell, you intended for them to apply Rule 17, and that Rule 17 was the predicate for your argument. I mean, in part, anyway. So, let's assume for the moment that only the Rockwell citation is the best you have on Rule 17. If that argument is deemed to be forfeited below, you did not invoke plain error on appeal, right, in trying to make that argument. So, that argument actually was not forfeited because what we're looking at is a situation in which Rule 15 applied. And to give you an analogy, when the motion to dismiss was filed, the plaintiff could have filed a response that simply said, we have amended our complaint as a matter of course. They may not reference specifically Rule 15, but nonetheless, they are triggering Rule 15 when they do that. In this matter with party and interest, you will see party and interest peppered throughout the pleadings in this. So, whereas there's not a Rule 17 quote put in there, it is still referenced not only in the response to the motion to dismiss, but it's referenced by the district court, and it's also referenced in VISTA's motions to dismiss as well as oppose this appeal. We haven't had another case since Precision, Triumph-Gear. Yes. That also could pose some obstacles to your argument. How would you distinguish Triumph from your situation here? Triumph dealt with intervention, so it was a different situation. I know in that there was a footnote that there was some question as to whether or not Triumph would rule the day based on a Supreme Court decision. However, that case was different because this court found in that case that there was no Rule 15 addition or substitution. In fact, it wasn't even known where the interveners came from or how they got into the case, and that's not the case here. The case here is that we have a party that was mistakenly listed, and then when there was an amendment, it was established. Therefore, we're moving forward with only the issue of venue and getting to Minnesota. The issue before this court is very narrow. The court just simply has to decide if the district court had authority to grant a motion to transfer because they mistakenly thought they had no authority to do anything in this matter. What in the amended complaint explains procedurally what was happening with the refiling? Is there anything? Is it originally CZUSA filed this complaint, but it was an error and it should have been CZ, and so the purpose of this amended complaint is to place the correct party in here and correct the basically scrivener's error, if you will? Does it say that? So it does not. That is exactly what happened, though, because they had a right to amend as a get leave of court to do this to explain exactly what happened here, which is there was a substitution of the parties. They were closely related, which everyone knew. They knew that on the civil cover sheet as well as the original complaint, and all the facts in the complaint remained the same. Does the signature block for the complaint where the attorney signed off, say so-and-so for CZUSA, or does it say so-and-so for CZ? I could not tell you that as I sit here right now, but I can certainly look that up and supplement briefing if needed. Would you agree that at that time CZ couldn't just show up and file pleadings in that case, could they? No, it was CZUSA that was filing the pleadings. They're the ones that amended. But somewhere, and then I guess that's getting to my point, somewhere the pleading has to reflect that it actually is CZUSA filing the pleading, doesn't it? Correct. And when service of the complaints happened in full transparency, again, this is an honest mistake. So when the complaint was served on the defendant VISTA, both complaints were served. It was the original as well as the amended complaint were served in the package saying, hey, this is what's going on. There's been a mistake. It's an honest mistake. We need to transfer to Minnesota. Will you oppose or join in a motion to transfer? And then the facts as we see them, counsel said, well, file your motion to transfer, but then they went and filed a motion to dismiss on the day that arguably was the first date for the statute of limitations. Now we have a statute of limitations issue. Well, we can confirm this later, but appendix page 22, amended complaint, no reference to USA, attorneys for plaintiff, no reference to USA. And so what we're looking at is CZ reporting to file an amended complaint when CZ was not in the case. I mean, I mean, at some level, yes, this is semantics, but another level it's not. I mean, why doesn't this then correlate to Triumph where yes, Triumph involved intervention, but my recollection is the court made a lot of the fact that non-parties can't do anything. I mean, non-parties can't do anything in a case. Well, you have a situation where a non-party CZ is purporting to file in the first amended complaint when they don't have authority to do that. And your honor, I would push back on that to say that our position is not that a non-party came in to intervene. In fact, it was CZ USA that filed the amended complaint substituting or adding in. I see that my time is getting low. I'd like to reserve the rest of my time for rebuttal. That's fine. Thank you. Thank you. Thank you. I appreciate it. I'll just start with the simplest way to decide this case, which is under this court's decision in Triumph. CZ Republic is the party that filed the amended complaint, but it didn't have authority to do that because it was not a party to the lawsuit. And Triumph rules that when a non-party attempts to invoke Rule 15, that implication is ineffective. And so the amended complaint is not valid for that reason. It was filed by a non-party. We know that from the appendix. It shows that CZ Czech Republic filed a complaint. We know that from the caption, which lists CZ Czech Republic. And we also know from the signature block. The signature block at the end of the first amended complaint says that the counsel here is filing for CZ Czech Republic. So nowhere in that amended complaint does it say that CZ USA is filing the amended complaint or attempting to carry out a substitution of any kind to Triumph. This court's decision in Triumph is directly on complaint. And then Rule 17, as some of the colleagues indicated, CZ Czech Republic or CZ USA's case may be neither one of them ever invoked Rule 17. Mr. Sutherland, if I could ask this, aren't we really in a form over substance situation here? I think clearly, you know, your colleagues and your client knew who the real party in interest was. We have the same lawyer filing the amended complaint on behalf of CZ. You know, they're trying to substitute parties. I can't see that there's any prejudice to VISTA by permitting an amended complaint. So, you know, to me, it looks like what's really happening here is a Rule 17 substitution. And, you know, it wasn't argued before, but wasn't it sort of implicitly before the court? And to clarify things, I think the district court, in her order, talked about CZ USA as being the entity that filed the amended complaint. I've got a couple of different questions in there, but, you know, this is a case where everybody knew what was going on, yet, you know, here we are. Thank you, Your Honor. To start, no, this is not an issue of formal substance. CZ would have you, I guess, hold that what they were doing was just making a correction, but the entities are totally different. One is an American entity, and one is a foreign entity. And that really matters, because the entire basis for their venue allegations was that CZ USA is a company with its principal place of business in Kansas. CZ Czech Republic is a company with its principal place of business in Czech Republic. So, whether the district court had a venue at all completely changed depending on which entity we're talking about. And for article 3 standing purposes, the case for controversy completely changed depending on which entity we are talking about. So, this isn't a case where a party was just fixing an error in the caption. With that kind of case, then the same entity would have been there all along, and the amended complaint would just be a correction. But the case for controversy, and I'm talking about the article 3 case, but not the first one, that changed when CZ Czech Republic suddenly appears and files a different amended complaint. The substance of the complaint is virtually identical, right? Except for the names changed of the plaintiff. In one case, the injured party is an American entity. In another case, the injured party is a Czech entity with ramifications for who was injured. And it's the injured party that makes the difference for what the case for controversy is. That is the fundamental point that I would make. And so the case for controversy really does change when you shift from the domestic entity to the foreign entity. And this is not a case like in the other substitution cases where the injured party is always the same, but the identity of the representative can change. And that's Esposito. In Esposito, the injured party was the decedent who died in the prison system. There was a question about who the representative should be to carry forward those claims. And in a false claims act case, the case for controversy is always the same. There's an injury to the United States based on false statements. And then there can be a question about who the relator should be. But the injured party remains the same from complaint to complaint. Not so here. The injured party changed from the original complaint to the indictment. The injured party changed, but the underlying substance of the dispute did not change. In other words, by virtue of putting in a different party, changed nothing about the nature of the dispute. One party is standing, the other party didn't. Fine. But the point is, if one is looking at what the dispute is that is before the federal court, and note that in both instances, there would have been diversity, I mean, different kinds of diversity, but diversity, nevertheless, the substance of the dispute didn't change. So why isn't it consistent with the federal rules of civil procedure and allowing us to reach the merits of matters that we ignore what in fact appears to be just a typo? Well, if the court deemed it a typo, then it would be a different case. I think I would agree with the typo analogy in my point for the board. It's not a typo when the injured party changes, because these companies have different employees, different interactions among the employees and the defendant. And so it's truly not the same case across countries. And I should pause here to emphasize that CZ had every opportunity to fix this error and commence the action where the district court actually did have venue, a point that changed depending on who the real party was, and they didn't take it. They decided to stick with what they were doing instead of commencing a new action in the district of Minnesota. They could have done that all along. So this is not a case where the courthouse door is unfairly closed. I thought there would have been statute of limitations problems with them doing that. And I'm sorry to cut you off. I thought there would have been statute of limitations problems with them doing that. Am I wrong on that? Yes, not at the time of filing the amendment complaint. At the time of filing the amendment complaint, CZ was within the statute of limitations period. So they should have just gone to Minnesota where if they had identified the proper party in the first instance, the district court would have had venue. I mean, these things made a big difference. The difference between the district court being able to do a case or not. So it's not just a scrutinized error or a typographical error. And you will not find a case that treats, you know, swapping in parents and subsidiaries as mere substitution because corporations are separate entities with different engines. You will find cases dealing with substitution in the context of identifying the right representative to carry forward an injury to the party that's identified in the first instance. Counsel, let me ask you this. What do you think about the idea that the civil cover sheet that was filed initially with the original complaint has both CZ and CZUSA as plaintiffs on it? Does that make any difference in your mind? I don't think that it does. I think that the name of the plaintiff is garbled in both the caption and probably also in the civil cover sheet. But there's no mistake about who the plaintiff is in the original complaint. It's absolutely CZUSA. And we know that because the complaint says this is an entity that has its principal place of business in Kansas, is organized under Delaware law, and the district court has venue for those specific reasons. And then you go to the amended complaint, the name of the plaintiff has changed, but that's not all. Also the venue allegations have changed, the principal place of business has changed, the organizing law of the corporation has changed. And of course because these are different entities, we also know that the employees will have changed, the people involved will have changed. It's not a small thing and no case holds that nothing changes when you go from a subsidiary to a parent. The corporations have a separate existence and that's particularly true when one's based in the United States and the other one is based in the Czech Republic. So I cannot accept the proposition for the purposes of my argument that these two corporations are really just interchangeable. That's not something that any court has ever done, I'm aware, and certainly CEC hasn't cited a case in particular. Mr. Sutherland, let me talk about Rule 15 and how it applies in this context, and Rule 15c in particular. There appear to be cases in which the courts have allowed for the identification of the correct defendant. In other words, when the defendant was listed incorrectly in the complaint the first time, there was an allowance for an amendment that would identify the correct defendant, even when there were jurisdictional implications associated with the first defendant listed. And when I look at the advisory committee notes for Rule 15c, they speak about the notion of, yes, we're dealing only with defendants and talking about this, but we contemplate, I think the effect of the situation with plaintiffs is, it says, Rule 15c toward change of defendants extends by analogy to amendments changing plaintiffs. And so I guess what I'm trying to get at, and I don't mean to parse things, but what I'm trying to get at is if the case law will allow for the correction to identify the correct defendant under Rule 15c and allow that to relate back, why doesn't that same principle apply to the identification of the correct plaintiff? Well, I have to start by saying I'm not familiar with the advisory committee note off the top of my head, but I'll answer the question. I think when you're talking about changing the name of the plaintiff, what matters is whether you are in the Rule 17 substitution context, where you're finding the right representative to carry forward a case or controversy, or if by changing the plaintiff, you are changing the nature of the case and controversy itself, such that you are essentially instituting a different type of lawsuit with different implications preventing personal jurisdiction and everything else. So that would be my answer. If there are cases where it is appropriate to change the identity of the plaintiff, there are cases where it's appropriate to change the identity of the defendant, the key question should be, are you changing the nature of the injury, the nature of the Article 3 case or controversy that's in front of the court? And I would quickly point out that precision does not hold that a party who lacks Article 3 standing may file an amendment complaint. That one there, as I said earlier, the False Claims Act is about who the appropriate relater should be as a statutory and for that purpose, courts will look at the amended complaint and say, okay, is this the right relater? Do the allegations of the amended complaint withdraw allegations that existed earlier? And in doing that, the court's going to write in the question whether the relater is properly reported to court with the Article 3 standing. I mean, that's every case, right? Times five. And Grupo Dataflux says that courts should be very reluctant to identify new exceptions to the principle that Article 3 standing has to exist at the time of filing. One of the cases that's cited in Appellant's brief is ConnectU, which is a First Circuit case. And I'd like you to speak to the nature of that case, because in that case, it seems to me you had a situation similar to what I'm alluding to here, in terms of identification of defendant. Why isn't that principle applicable here? Sure. I'm not super familiar with the facts, but I did read the briefing on it. And I believe what happened there was, again, going back to the theme that I'm offering, the case of controversy in the ConnectU case was the same throughout. There was just a difference in the theory of jurisdiction, whether it was diversity or federal question, but changing the theory of jurisdiction and federal question didn't change the underlying case of controversy, didn't change the underlying theory of that issue. Well, in the amendment in that case, they actually not only added a new defendant, but they added a federal claim, which shifted from diversity to federal question jurisdiction. That's a difference. And it seems to me that that's a pretty significant difference. And nevertheless, the court did not question the fact that that identification change could take place. And so what I'm trying to understand at bottom is, if you'll go with me for the second, and let's just assume that there's case law out there supporting, and the amendments to the Rule 15 also support the notion, you can assume it, support the notion of changing the identification of the defendant, even when there's a jurisdictional implication associated with that, why, what would be the principal reason for not engrafting that onto a situation where you're changing the identification of the plaintiff? Right. I'm afraid my answers wouldn't sound familiar. My answer is that you can change the plaintiff if the injury remains the same. And the question is, who is the proper party to carry forward that injury? That is what Rule 17 substitution is for. But you can't do that at the nature of the case of controversy changes. So you can potentially even add new claims, but it's the jurisdictional core under Article 3, it's the case of controversy, whether there's been an injury to a party. You can't bring in a new plaintiff if it will change that. And I believe that is what cases show, starting with Friends of Earth and other cases that address whether there has to be an Article 3 controversy at the time of filing. If you change the party and you change the nature of the controversy, you've just changed the case, it's not something else. All right. Thank you. Thank you. You have some time remaining. Thank you, Your Honor. Just to follow up on Rule 15c1, that note specifically said that while Rule 15c does not speak directly to the relation back of amendments substituting a new plaintiff, that it is quote unquote generally easier when a plaintiff is substituted. That's what I was trying to mumble out. Yes, that's what I was talking about. But opposing counsel's point, I think, is that that whole principle only applies when you're talking about not changing the nature of the dispute. So what I want to hear is your response to why isn't this change one that changes the nature of the underlying case or controversy, the change in the name or the identity of the party here? Sure. Because again, it goes back to the Rule 15 argument that this is an addition or substitution. That is the parties, they are two separate parties. It's not a matter of an intervention. It's not a matter of a party that is wholly related. We agree. These are two separate entities that are coming in, albeit a subsidiary. And for argument's sake, we can say that, let's say there was not an amendment or a substitution. Let's say there's a civil cover sheet that was filed that had both names on it, and one of the names was incorrect or mistaken, so it was amended to add that new CZ in this case, in that matter. Well, when you look at that, it was done as a matter of right, if you want to look at it from an addition substitution. If you don't want to look at it from that standpoint, then you can look at it from the standpoint that it's actually CZ that's filing in the District of Kansas, albeit in the wrong venue. So they had standing. We all agree to that. The District Court agreed that CZ had standing. So if you look at it in that light, you can come to the same conclusion that CZ had standing. They were simply in the wrong place and needed to be transferred to the District of Kansas. So that's why I'm saying that that's not one that I've heard talked about anywhere. This notion of it's actually CZ that filed the original complaint in there. Nobody's saying that, right? Well, I wanted to make sure I was addressing if that was the question that was being posed to me. No, that's not the question, because I don't think that's within the scope of what we're dealing with here. I agree. I think what I'm asking is, as I understood Mr. Sutherland's argument, in part, we're not just talking about swapping out names here. We're talking about the fact that you have not only two different corporate entities, but two different corporate entities with different implications for the nature of the controversy by virtue in part of where they're based. And consequently, that means that it is a distinction with a difference and not just a switching of names as would occur in a Rule 17 context. I think that's what, at least in part, he was saying. And what I want to hear from you is why isn't that right? That is not, because what we are dealing with is a party, CZ, and a subsidiary of it that are essentially changing the venue. So you have one that does not have standing because it was not part of the contract. You have its parent company that's coming in saying, we do have standing. So you're not getting into the facts of where the controversy is, because those facts all remain the same. What essentially we're looking at, who is the proper party to the contract? The proper contract that has standing is CZ. Okay, we're in the wrong venue now. We need to get out of this venue, but we know that standing has been established as a matter of course. There was no reason to get leave of court. We know that subject matter jurisdiction was established. It just leaves the issue of transfer. And now, as you'll see in our briefing, I don't have time to get into it, which is the efficiency of transfer in the case to avoid the statute of limitations. One quick question. Why did you not refile in the venue where you believe which is appropriate? That was a point that Mr. Sutherland raised. Why didn't you just dismiss and refile? So both avenues were viable avenues to take. And we chose to take the avenue of being fully transparent, serving them with the original complaint as well as the first amended complaint, and then asking them if they would be agreeable to transferring the case. That way everything stays packaged up clean. It's more judicially efficient. It's not clean apparently right now. I agree, as we see the case law. But in turn, what happened is that VISTA sat and waited, and then they said, well, you go ahead and file your motion to transfer. They filed their motion to dismiss. And I would argue some gamemanship here, but at the end of the day, everyone knew who the proper parties were. They knew the party had standing. We're asking this court to remand this case with instructions to transfer so that we can eliminate all these statute of limitations issues and allow this court case to be heard on its merits. Just to finish up, there's implications for this case beyond this dispute. A lawyer represents an international conglomerate. One of the subs, GEA, files a lawsuit in California. The real plaintiff should have been GEZ, which is headquartered in New York. And under your theory, GEZ can travel from New York to California and really basically clean up a case where there was zero connection between the GEA and the defendant. And I worry about the implications of your theory because there are circumstances where that does prejudice a defendant that's been brought into the wrong would have been wholly unnecessary if this had been filed by the real party in interest in the district of Minnesota. And your Honor, equally, it would have been of less work if they simply would have agreed to not oppose or join in a motion to transfer to get this case brought over to Minnesota. If the tables were turned, would you have agreed to that? Yes, I would. I would see it as a simple mistake. I see civility rules, and we're losing that in litigation today. So yes, I think that when someone comes to you and says that they made a mistake, and this is how we can correct it, that the appropriate thing to do would be to say, okay, well, let's get it in the right place. We never reach the merits of the case, and that's why we're asking this court to remand so we can get to the actual merits. Thank you, counsel. The case is submitted.